JP:MT
F.#2008R02254



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

PETER S. RAHHAOUI,

           Defendant,

- - - - - - - - - - - - - - - - - - X

**FILED UNDER SEAL**

COMPLAINT AND
AFFIDAVIT IN SUPPORT
OF ARREST WARRANT

(T. 18, U.S.C.,
§ 1029(a)(5))

EASTERN DISTRICT OF NEW YORK, SS:

       KWAME DAVIS, being duly sworn, deposes and says that he is a Special Agent with the United States Secret Service ("USSS"), duly appointed according to law and acting as such.

       In or about and between August 2008 and November 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant PETER S. RAHHAOUI, did knowingly and with intent to defraud, effect transactions, using one or more access devices issued to another person or persons, to wit: a credit card, during a one-year period, and by such conduct received payments or other things of value aggregating $1,000 or more during that period, in a manner affecting interstate commerce.

       (Title 18, United States Code, Section 1029(a)(5))

The source of my information and grounds for my beliefs are as follows:

1. I have been a Special Agent with USSS for approximately 3 years. In this position, I have conducted physical surveillance, executed court-authorized search warrants, interviewed witnesses, reviewed extensive documents obtained through the execution of search warrants and the service of subpoenas and used other investigative techniques to secure relevant information for use in criminal prosecutions.

2. My knowledge of the information set forth in this affidavit is based upon my personal participation in this investigation and in numerous other investigations of fraud involving access devices and identity theft; my review of records and reports; my discussions with witnesses and a victim; my conversations with other law enforcement agents involved in this investigation and similar investigations; my conversations with and review of information provided by financial institutions; and my law enforcement experience and training.

3. Because this affidavit is being submitted for the limited purpose of establishing probable cause to support the issuance of an arrest warrant, it does not include all of the facts I have learned during the course of this investigation. Where actions, conversations and statements of others are reported in this affidavit, they are reported in substance and in

part unless otherwise indicated. Additionally, except as explicitly set forth herein, I have not distinguished in this affidavit between facts of which I have personal knowledge and facts as to which I have hearsay or second-hand knowledge.

FACTS SUPPORTING PROBABLE CAUSE

4. On or about December 10, 2008, I was contacted by a fraud investigator at Citizens Financial Group, who informed me that a representative of American Express had brought to his attention a pattern of fraudulent activity relating to American Express Credit Card number 376397147907006 (the "AMEX Account"), issued in the name of Mr. Chan Chun Chuen, a resident of Hong Kong. The fraud investigator informed me that between approximately August 2008 and November 2008, a large number of charges had been posted to the AMEX Account for services provided by A & S Limousine Service. Each month during this period, charges totaling between $4,318.06 and $19,242.92 were posted to the the AMEX Account. The total amount of these charges during the relevant period was $794,986.30.

5. I then began to investigate this case and confirmed the facts as reported by the fraud investigator. On or about December 17, 2008, I contacted a Senior Special Agent at American Express, Northeast Region (the "AMEX Special Agent"), who advised me that A&S Limousine Service had posted fraudulent charges to the AMEX Account. The AMEX Special Agent told me that

the owner of the AMEX Account, Mr. Chuen, had used A & S Limousine Service ("A & S") only once, during a business trip to New York City in approximately July 2008. On that trip, an A & S limousine picked up Mr. Chuen at Teterboro Airport in New Jersey and drove him to New York City. Mr. Chuen recalled that the driver of the limousine had introduced himself as Peter Rahhaoui. The AMEX Special Agent sent me a copy of the Declaration of Fraud that Mr. Chuen had submitted to AMEX, as well as a copy of Mr. Chuen's passport, which shows that he was not in the United States between August 2008 and November 2008, when the charges that are the subject of this investigation were posted to his AMEX Account.

6. My investigation revealed that the defendant, PETER S. RAHHAOUI, owns A & S Limousine Service. A & S has a business address at 350 Revere Beach Blvd., 3-3B, in Revere, Massachusetts. I learned, however, that the defendant operates A & S from a location in Queens, New York, and that A & S services customers primarily in the New York metropolitan area. I learned that that the defendant resides at 169-09 26th Avenue, in Flushing, New York.

7. I have reviewed financial records, provided by Citizens Bank pursuant to a grand jury subpoena, relating to the defendant, PETER S. RAHHAOUI, and A & S Limousine Inc. These finanacial records show that, between August 2008 and November

4

2009, American Express transferred funds into the A & S Limousine Inc. Citizens Bank account (the "A & S Account") representing payment for A & S Limousine Services charges posted to the Amex Account. These transfers total approximately $794,986.30. The financial records further indicate that the majority of these funds were subsequently transferred out of the A & S Account. Thus, as of November 28, 2008, the closing balance in the A & S Account was $33,441.73. The defendant RAHHAOUI is the sole signatory on the A & S Account.

8.   On or about Janaury 22, 2009, I contacted a Special Agent in the USSS Resident Office in Hong Kong (the "HK Special Agent") and advised him of this investigation. On or about January 26, 2009, I sent a report of the investigation to the HK Special Agent.

9.   On or about Janaury 28, 2009, Supervisory Investigative and Protection Specialist Johnny Mak interviewed Mr. Chen in the USSS Hong Kong Resident Office. In that interview, Mr. Chuen again stated that the A & S Limousine Service charges posted to his Amex Account were fraudulent. Mr. Chuen also provided Mr. Mak with the cell phone number that Mr. Chuen had used to contact A & S Limousine Service prior to his business trip to New York in approximately July 2008. I have since learned that the cell phone number that Mr. Chuen used to contact A & S Limousine Service was registered during the

relevant period to Mr. Rahhaoui at an address in Queens, New York.

10. On or about February 10, 2009, Supervisory Investigative and Protection Specialist Mak again met with Mr. Chuen and showed him a photographic array that included a photograph of the defendant, PETER S. RAHHAOUI. Mr. Chuen pointed to the photograph of the defendant and identified him as the driver of the A & S Limousine Service limousine that had picked him up during his July 2008 business trip to New York City.

WHEREFORE, I respectfully request that an arrest warrant be issued for the defendant PETER S. RAHHAOUI so that he may be dealt with according to law. Furthermore, to ensure that the defendant does not flee justice to avoid arrest, I respectfully request that this affidavit be filed under seal.

Kwame Davis
Special Agent
United States Secret Service

Sworn to before me this
23 day of July, 2009

UN
EA