STEVEN E. LOSQUADRO
ATTORNEY AT LAW
649 ROUTE 25A
SUITE 4
ROCKY POINT, NEW YORK 11778
(631) 744-9070
FAX (631) 744-9421
WWW.LOSQUADROLAWFIRM.COM

April 5, 2011

Hon. Carol B. Amon
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

      Re:    **United States v. Peter S. Rahhaoui**
                **Criminal Docket No. 10–091 (CBA)**

Dear Judge Amon:

      I represent Mr. Peter Rahhaoui in the above-captioned case. On January 9, 2010, Mr. Rahhaoui was arrested in connection with an investigation conducted by the United States Secret Service. Mr. Rahhaoui remained incarcerated until June 23, 2010. On January 11, 2011 Mr. Rahhaoui entered a plea of guilty to a single-count indictment that charged him with Credit Card Fraud, and is scheduled to appear before Your Honor for sentencing on April 20, 2011. Before a determination is made as to the sentence that Mr. Rahhaoui will receive, I would like to inform you about aspects of Mr. Rahhaoui life which I respectfully submit are pertinent to this decision.

## BACKGROUND INFORMATION

      Peter Rahhaoui was born in Essaulem, Morocco on August 8, 1967. Mr. Rahhaoui, as related in the Presentence Investigation Report (PSR), was raised in a lower income household. Mr. Rahhaoui's child was difficult and impacted by a terrible act committed against him. Initially, his parents separated when he was five years old. Subsequent to his parents' separation, Mr. Rahhaoui only saw his father several times prior to his passing in 1991. Moreover, between the ages of six and ten, Mr. Rahhaoui was sexually abused on a quite frequent basis by a maternal uncle while he was left in the care of family members when his mother worked.

Hon. Carol B. Amon
April 5, 2011
Page Two

While in Morocco Mr. Rahhaoui attended secondary school in El Joulan and then studied English Literature, from 1987 until 1989 while enrolled at the University of Hassan II. In 1990 Mr. Rahhaoui ended his university studies as he chose to legally emigrate from Morocco to Quebec, Canada. In 1994, following several years in Canada, Mr. Rahhaoui came to the United States, an entry that similarly was legal as it was pursuant to a visa. Mr. Rahhaoui became a naturalized United States citizen in 2002.

Mr. Rahhaoui also was married that same year, 2002, to his wife Lamia, who like Mr. Rahhaoui is of Moroccan descent. Mr. Rahhaoui and his wife have two young boys who are four years old and one year old, respectively. Mr. Rahhaoui moved to New York from Boston in 2007 seeking better work opportunities in order to provide more significantly for his wife and son. Unfortunately, in 2008 Mr. Rahhaoui and his wife separated, and a divorce action has been commenced in the New York State Supreme Court. From 1999 until the time of his arrest Mr. Rahhaoui operated his own car service business, both in the State of Massachusetts and then, after 2007, in the State of New York.

## A REASONABLE SENTENCE AND 18 U.S.C. 3553 (a)

The primary directive in Section 3553 (a) is for a sentencing court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." Section 3553 (a) (2) sets forth that such purposes are:

(A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B)   to afford adequate deterrence to criminal conduct;
(C)   to protect the public from further crimes of the defendant; and
(D)   To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, Section 3553 (a) further directs a sentencing court to consider the following factors:

1)   "the nature and circumstances of the offense and history and characteristics of the defendant" [§ 3553 (a) (1)];
2)   "the kinds of sentences available" [§ 3553 (a) (3)];
3)   "the need to avoid unwarranted sentence disparities among the defendants with similar records who have been found guilty of similar conduct [§ 3553 (a) (6); and
4)   "the need to provide restitution to any victims of the offense." [§ 3553 (a)(7)].

STEVEN E. LOSQUADRO

Hon. Carol B. Amon
April 5, 2011
Page Three


      Since the time of his arrest in this case, Mr. Rahhaoui has endeavored to obtain employment in order to meet his obligations and responsibilities, and also to learn a new vocation which will permit him to better care for himself and his children. Toward that end, in March of this year Mr. Rahhaoui obtained employment as a driver at Sonya Coach Limo in Revere, Massachusetts. In addition, just two days ago, on April 3, 2011, Mr. Rahhaoui completed the requirements of course study in "Real Estate Principles and Practices" in Massacusetts, in order to permit him to become a Real Estate Broker. A copy of correspondence from Sonya Coach Limo is attached hereto as "Exhibit A," while a copy of a Certificate from the Lee Institute in Brookline, Massachusetts is attached hereto as "Exhibit B."

      Further, Mr. Rahhaoui worked diligently, during the course of the proceedings before the Court, to provide my office and the Office of the United States Attorney with information and documents which permitted us to more accurately discern the nature of the acts committed in this case. In that vein, it was learned that Mr. Rahhoui did provide significant services worth hundreds of thousands of dollars to the victim in this case. This fact is not submitted, nor does Mr. Rahhoui seek, to minimize the crime committed by him. It merely is offered to note that the magnitude of the crime herein is not as significant as was first believed when the indictment initially was presented.

      Mr. Rahhaoui recognizes the wrongdoing he has committed, and has accepted responsibility for it. In furtherance of that acceptance on his part, Mr. Rahhoui worked cooperatively with the United States Attorney's Office so that the amount of $24,214.02 could be sent to the Clerk of the Court in order to be used as partial restitution in this case. The certified check at issue, a copy of which is attached as "Exhibit C," was not issued to the Government, but was issued instead to Mr. Rahhaoui who then forwarded it to my office so that it could be sent to the Government.

      Mr. Rahhaoui is committed to continue to make right what he did wrong, and to meet restitution requirements that will be imposed in this case. Toward that end, it is significant that paragraph 58 of the PSR, on page 14 thereof, notes that "[a]s an alternative, pursuant to Guideline 5C1.1(d)(2), Your Honor may impose a term of imprisonment of 5 months followed by a term of supervised release with a special condition requiring 5 months community confinement or home detention." In this case, Mr. Rahhaoui has served slightly over six months of incarceration, and we respectfully submit that a sentence under 5C1.1(d)(2) that imposes 5 months of either community confinement or home detention would appropriately serve the interests of justice. Such a sentence would enable Mr. Rahhaoui to work toward meeting his obligations to the Court and his children. Guideline 5F1.1 instructs that "'Community Confinement' means

STEVEN E. LOSQUADRO

Hon. Carol B. Amon
April 5, 2011
Page Four

residence in a…halfway house…or other community facility; and participation in gainful employment,…vocational training, …or similar facility-approved programs." Under such a sentence Mr. Rahhaoui, if directed to reside in a halfway house or other appropriate facility, would be required to work and continue to pursue his efforts to become licensed as a Real Estate Broker. Moreover, if the Court were to determine that home detention is the most appropriate option under a sentence pursuant to 5C1.1(d)(2), such a sentence would still enable Mr. Rahhaoui to pursue vocational studies aimed at becoming a real estate professional, which would enable him to best prepare to have the ability to timely and meaningfully address his restitution obligations, as well as support his children in the future.

## CONCLUSION

In this case we respectfully ask Your Honor to temper justice with mercy. Mr. Rahhaoui is an endearing man who has demonstrated contrition. He knows that what he did was wrong, and he accepts the consequences of his actions. He faltered here, but we respectfully submit that it has been a lesson well-learned. Mr. Rahhaoui respectfully requests that Your Honor afford due consideration to his remorse and plea for mercy.

In conclusion, we ask for a just, fair and merciful sentence.

Respectfully submitted,

Steven Losquadro

attachments

cc:   AUSA Michael Tremonte
      USPO Frank M. Marcigliano, Jr.

STEVEN E. LOSQUADRO

# EXHIBIT A



March, 28 , 2011

To whom it may concern:

Re:  Mr. Peter Rahhaoui:

Peter Rahhaoui has been employed as a driver at Sonya Coach since March of 2011.  Mr. Rahhaoui has been a reliable employee since he started working forcing company.  He is dependable and courteous, and we look forward to his continued employment with us.

Thank you.

Very truly yours,

Amar Chaabouni

119 Winthrop Parkway, Revere – MA – 02151      Tel: 617 202 9448    Fax: 781 205 4720
Web: www.sonyacoachlimo.com                              E-mail: info@sonyacoachlimo.com

# EXHIBIT B



# The Institute

Brookline, Massachusetts

This certifies that

## Peter S. Rahhaoui

has successfully completed all of the requirements of course study in

## Real Estate
## Principles and Practices

In witness whereof this certificate is awarded on

April 03, 2011

*Richard A. Giornangelo*
President

# EXHIBIT C



STEVEN E. LOSQUADRO
ATTORNEY AT LAW
649 ROUTE 25A
SUITE 4
ROCKY POINT, NEW YORK 11778
(631) 744-9070
FAX (631) 744-9421
WWW.LOSQUADROLAWFIRM.COM

March 28, 2011

Michael Tremonte, Esq.
Assistant U.S. Attorney
Office of the United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York  11201

    Re:    *United States v. Peter S. Rahhaoui*
              Criminal Docket No. 10-091 (CBA)

Dear AUSA Tremonte:

    Pursuant to the Stipulation and Order recently entered in this case, enclosed please find a check in the amount of $24, 214.02 payable to the order of "EDNY Clerk of Court." As we discussed in a recent conversation, kindly note that the amount set forth above is five dollars ($5.00) less than the amount of $24,219.02 specified in the Stipulation and Order due to a five dollar ($5.00) service fee imposed by Citizens Bank.

    Thank you.

                                                                Sincerely,

                                                              Steven Losquadro

enclosure